**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1786

DAVID JOSEPH PETERSON,

Plaintiff - Appellant,

v.

BLACK BODY CORPORATION, d/b/a Antec, Incorporated; SPX CORPORATION, As successor in interest to Aspeq Heating Group, LLC; ASPEQ HEATING GROUP, LLC, As successor in interest to Black Body Corporation; MR. RONALD G. VINYARD, President, former (retired) c/o Black Body Corporation; ERIC STOGSDILL, Formerly Vice President, Black Body Corporation; ANTEC, INCORPORATED,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:23-cv-00034-NKM-JCH)

Submitted:  February 20, 2025                    Decided:  February 24, 2025

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Joseph Peterson, Appellant Pro Se.  Timothy J. Gorde, Jr., Kevin D. Holden, JACKSON LEWIS PC, Richmond, Virginia; Alexander Tevis Marshall, OGLETREE DEAKINS, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Joseph Peterson appeals the district court's order granting Defendants' motion for summary judgment on his Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, claim.[*]  On appeal, Peterson argues that the district court erred in concluding that his ADEA claim was time-barred and that the court erred in concluding, in the alternative, that his employer was not subject to the ADEA because it did not have more than 20 employees.  We affirm.

Under the ADEA, when a state has "a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," 29 U.S.C. § 633(b), plaintiffs must file a charge alleging unlawful discrimination with the Equal Employment Opportunity Commission (EEOC) "within 300 days after the alleged unlawful practice occurred," 29 U.S.C. § 626(d)(1)(B). The filing period commences when the employer informs the plaintiff that the plaintiff's employment is ending, "not from the time that the employee discovered its discriminatory nature." *Hamilton v. 1st Source Bank*, 928 F.2d 86, 87-88 (4th Cir. 1990) (en banc); *see Del. State Coll. v. Ricks*, 449 U.S. 250, 258-59 (1980).

Here, Virginia has enacted a law prohibiting age-based discrimination in employment, *see* 1 Va. Admin. Code § 45-20-30 (2023), so Peterson had 300 days to file his charge of discrimination with the EEOC.  Defendants informed Peterson that he was

---

[*] Although Peterson filed a notice of appeal from the district court's order entered on July 18, 2024, he fails to challenge that order in his informal brief and, therefore, has forfeited appellate review.  *See* 4th Cir. R. 34(b).

3

terminated on February 1, 2021, and Peterson filed his EEOC charge on December 2, 2021, which is more than 300 days after the alleged unlawful practice occurred. The district court thus correctly concluded that Peterson's ADEA claim was time-barred.

Because Peterson's ADEA claim is time-barred, we need not reach the court's alternative ground for summary judgment. Accordingly, we affirm the district court's order. *Peterson v. Black Body Corp.*, No. 3:23-cv-00034-NKM-JCH (W.D. Va. July 29, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*